# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

RAYMOND JORDAN and JANIE )
JORDAN, )
 )
        **Plaintiffs,** )
 )
v. ) Case No. CIV-13-183-RAW
 )
JERRY LYNN LOWERY, et al., )
 )
        **Defendants.** )

## ORDER

Before the Court is the motion of the plaintiffs to remand. Plaintiffs, who are Oklahoma residents, filed this action on September 28, 2011, in the District Court of Okfuskee County, alleging negligence in a vehicular accident. The petition concludes by expressly requesting judgment in an amount <u>less</u> than $75,000.00, plus costs and interest.

A notice of removal was filed in this court on April 24, 2013. In that document, defendants assert that on April 12, 2013, plaintiffs' counsel wrote to defense counsel, making a settlement offer in the amount of $100,000 for each of the plaintiffs' respective claims. Defendants contend that this qualifies as an "other paper" from which they first ascertained the case was removable, and thus the notice of removal was timely filed. *See* 28 U.S.C. §1446(b)(3).

Plaintiffs then filed the present motion, asserting the action should be remanded. Plaintiffs seek an award of fees and costs as well. The motion is based upon the former 28 U.S.C. §1446(b), which provided that diversity-based cases could not be removed after one

year had elapsed since the case commenced.[1] Defendants acknowledge that federal jurisdiction in this case is based upon diversity of citizenship and that more than one year passed between the filing of the state court petition and the notice of removal. In the notice of removal, defendant implicitly rely upon the present version of §1446(c)(1), which now provides for a "bad faith exception" to the one-year time limit. The notice of removal also explicitly cites the present §1446(c)(3)(B), which provides that "[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."

Both the bad faith exception and §1446(c)(3)(B) are recently enacted and were part of the Federal Courts Jurisdiction and Venue Clarification Act ("the Act"). The amendments apply to any action commenced on or after the effective date of the Act, i.e., January 6, 2012. *See Richfield Hospitality Inc. v. Charter One Hotels and Resorts, Inc.,* 2013 WL 561256 (D.Colo.2013). The date of commencement is determined by State law. *Id.* Under Oklahoma law, this case was commenced when the state court petition was filed. *See* 12 O.S. §2003. Therefore, the statutory bad faith exception to the one-year bar is not applicable here.

Defendants acknowledge all this, but nevertheless argue that even under pre-Act law, courts had the equitable authority to allow removal and to deny a motion to remand where

---

[1] The one-year bar to removal is now codified in 28 U.S.C. §1446(c)(1).

the one-year period had expired. So far as it goes, this statement is correct.[2] Cases within the Tenth Circuit, however, do not appear to have adopted this position. Federal removal jurisdiction is statutory in nature and is to be strictly construed. *Caudill v. Ford Motor Co.*, 271 F.Supp.2d 1324, 1327 (N.D.Okla.2003). There is a presumption against removal jurisdiction and doubtful cases must be resolved in favor of remand. *Id.* Although some courts have applied the principle of equitable tolling to permit removal beyond the one-year deadline, "courts in the Tenth Circuit have strictly construed the removal statute and have not allowed an equitable exception." *Jackman v. Select Specialty-Hospital-Kansas City, Inc.*, 2009 WL 3672509, *3 n.13 (D.Kan.2009). The Tenth Circuit has not addressed the issue.

Plaintiffs' motion to remand extends for fifteen pages, arguing in detail that their conduct has not been in bad faith.[3] Essentially, their position is that in the discovery process "facts were developed which caused Plaintiffs' counsel to believe it was necessary to seek punitive damages in the case. Consequently, the Plaintiffs added a claim for punitive damages on the proposed Pre-Trial Conference Order." (Motion at 5).[4] This court merely

---

[2]This alone is sufficient to deny plaintiffs' request for costs and fees.

[3]This court makes no finding on the presence or absence of bad faith. Such a finding would likely require an evidentiary hearing. The court finds, under the law applicable to the case at bar, the one-year limitation is an absolute bar. Therefore, the issue is irrelevant. Addressing pre-Act law, one treatise observes: "Despite the clear tactical motivation underlying some plaintiffs' conduct, most federal courts nonetheless have applied the statute's time limit literally, as if it were a statute of limitations." 14C Wright, Miller, Cooper & Steinman, Federal Practice and Procedure, §3731 at 607 (4th ed.2009).

[4]This court would not permit a plaintiff to add a claim for punitive damages to a proposed Pretrial Order over objection when no amended complaint had ever been filed, but of course this is a decision for the state court judge. *Cf. Boatsman v. Southwestern Bell Yellow Pages, Inc.*, 30 P.3d 1174, 1178 (Okla.Civ.App.2001)(affirming such an addition on the day of trial when the punitive damages claim was "raised in the initial pleadings, but apparently, inadvertently omitted from the pre-trial order.").

3

finds that under the present record and applicable law, the motion to remand should be granted.

It is the order of the court that the motion of the plaintiffs to remand (#9) is hereby GRANTED. Pursuant to 28 U.S.C. §1447(c), this action is remanded to the District Court of Okfuskee County, State of Oklahoma. Plaintiffs' request for fees and costs is DENIED.

**ORDERED THIS 10th DAY OF JULY, 2013.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**